UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT TACOMA

| | |
|---|---|
| TINA M. EASA, an individual,<br><br>Plaintiff,<br>vs.<br><br>NORCO INC.; an Idaho Corporation doing business in Washington; BRYCE JOHNS, an individual; and BRENDA LOFTUS, an individual.<br><br>Defendant. | NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>Superior Court for Clark County, Washington<br><br>NO. 25-2-02477-06 |

Defendant, Norco Inc., by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for Clark County to the United States District Court for the Western District of Washington at Tacoma. This removal is based on 28 U.S.C. § 1441(a) and 1332(a). It is timely under 28 U.S.C. § 1446(b)(3). This Notice is supported by the accompanying Declaration of Greg Hendershott ("Hendershott Decl.") and Declaration of Brenda Loftis ("Loftis Decl.").

## I.     BACKGROUND

On July 7, 2025, Plaintiff Tina M. Easa ("Plaintiff") filed a Complaint in the Superior Court of Washington State for Clark County and filed an Amended Complaint on October 1, 2025, entitled, *Tina M. Easa v. Norco Inc. et al.*, Case No. 25-2-02477-06 ("Complaint").

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL  -Page 1

Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint, process, pleadings, and orders served upon Defendants are provided herewith. *See* Hendershott Decl. Ex. A-D. The allegations in the Complaint are incorporated by reference in this Notice and Petition for Removal without admission or agreement to the truth of any of them.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal to Federal Court, to which this Notice and Petition for Removal shall be attached, with the Clerk of the Superior Court of Washington for Clark County, from which this case was removed, and serve these documents on Plaintiff. Copies of the Notice to State Court of Removal to Federal Court are attached hereto as **Exhibit A**.

The Complaint purports to seek relief related to "financial harm and significant emotional distress . . . [and] Adjustment Disorder and Anxiety." Hendershott Decl. Ex. A, Complaint ¶ 1. Specifically, the Complaint seeks the following relief: "lost wages and benefits," "emotional distress, humiliation, and damage to reputation," "other compensatory damages," "punitive damages, if permitted by law," "litigation costs," "pre- and post-judgment interest as allowed by law," and "any such other and further relief." Hendershott Decl. Ex. A, Complaint § Prayer for Relief. Defendant denies Plaintiff's allegations, except those facts necessary to establish federal jurisdiction and removal of this action, as detailed herein.

On November 10, 2025, Plaintiff voluntarily dismissed Bryce Johns, an individual, and Brenda Loftus, and individual. Hendershott Decl. ¶ 8, Ex. E. On December 9, 2025, Plaintiff filed a Motion for Extension of Time with the Superior Court of Washington for Clark County due to her move to Illinois, which notified the Court and Defendant that Plaintiff was no longer a citizen of Washington. Hendershott Decl. ¶ 9, Ex. F. Defendant, Norco Inc., is a citizen of Idaho

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL  -Page 2

as it is incorporated in Idaho and its principal place of business is located in Idaho. Loftis Decl. ¶ 3.

## II.     REMOVAL IS TIMELY

This removal is proper because 28 U.S.C. § 1441(a) provides that this Court has original jurisdiction over this case under 28 U.S.C. § 1332 (diversity jurisdiction). Additionally, this Notice of Removal is being filed within 30 days after the basis for removal was asserted, i.e. Plaintiff's move to Illinois. Generally, a Defendant must remove a case to federal court within 30 days of receiving the complaint. *See* 28 U.S.C. § 1446(b)(1). However, "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 789 (9th Cir. 2018); *See Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991). Additionally, pursuant to the time-of-filing rule, removal on the basis of diversity is determined at the time the compliant is filed and removal is effected. *See Morongo Band of Mission Indians v. California State Bd. Of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (looking to the original complaint rather than amended complaint to determine jurisdiction); *Petrop v. Lassen Art Publ'ns, Inc.*, 939 F. Supp. 742, 744 (D. Haw. 1995) (stating that diversity must exist at the time the original action was filed and time of removal). The purpose of this rule is to prevent defendant from destroying diversity by its own change of citizenship. *Petrop*, 939 F. Supp. at 744 (quoting14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723, p. 312 (1985) ("The purpose of requiring diversity to exist at both times apparently is to prevent a nondiverse defendant from acquiring a new domicile after commencement of the state suit and then removing on the basis of the newly created diversity of citizenship.")). However, there are

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL  -Page 3

exceptions to this rule. One exception is the "'voluntary-involuntary rule,' which requires that a lawsuit remaining in state court unless a 'voluntary' act of the plaintiff bring about a change that renders the case removable. *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978) (*citing Powers v. Chesapeake & O. Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898)). "[T]he time period for removal begins to run only after complete diversity . . ." is achieved. *Self*, 588 F.2d 655, 657 (9th Cir. 1978) (*citing Powers,* 169 U.S. 92).

Here, Plaintiff notified Defendants and the Court that she moved to Illinois on December 9, 2025. *See* Hendershott Decl. ¶ 9, Ex. F. This was a voluntary act made by Plaintiff and was not an action made by the Court or Defendants. As such, the "voluntary-involuntary" exception to the "time-of-filing rule" applies here." *See Graff v. Qwest Comm's Corp.*, 33 F. Supp.2d 1117, 1120 (D. Minn. 1999) (finding "the facts clearly demonstrate a change in domicile on the part of the plaintiff before removal by defendant, plaintiff's motion for remand must be denied."); *see DeBry v. Transamerica Corp.*, 601 F.2d 480, 488 (10th Cir. 1979) (affirming that plaintiff's change of residence was a voluntary act which gave rise to removal); *See also Self*, 588 F.2d at 657; *see also Atkins v. Prudential Ins. Co. of Am.*, No. 2:14-CV-01613-CAS, 2014 WL 3433462, at *2 (C.D. Cal. July 10, 2014) (unpublished) (stating an exception to the time of filing rule is when "plaintiff voluntarily dismisses all diversity-defeating defendants from a state court action.").  And Plaintiff's notification of her relocation to Illinois on December 9, 2025 was Defendants receipt of "motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). This notification of Plaintiff's relocation triggered the 30-day time limit for removal. *See id*. Therefore, removal is timely under 28 U.S.C. § 1446(b). Additionally, this removal is timely as it is not been "more than 1 year after commencement of the action." *See* 28 U.S.C. § 1446(c)(1).

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL  -Page 4

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

### III.   VENUE IS PROPER

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. § 1441(a) and is properly set the district where the action is pending). The Western District of Washington embraces the Clark County Superior Court, which is where Plaintiff's Complaint was originally filed. Accordingly, this Court is the appropriate federal district court to which to remove this action.

### IV.   DIVERSITY JURISDICTION EXISTS

As set forth below, this action is removable pursuant to 28 U.S.C. § 1441(a) and § 1332(a) because: 1) Defendant is a citizen of a different state than Plaintiff, and 2) the amount in controversy exceeds $75,000.

#### A. There Is Complete Diversity.

This action is removable to this Court pursuant to 28 U.S.C. § 1441 and § 1332(a) in that, as shown below, it is one over which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Defendant. Here, Plaintiff alleges she is a resident of Cook County, Illinois. Hendershott Decl. ¶ 9, Ex. F. And Defendant is incorporated in the state of Idaho with its principal place of business in Idaho. Loftis Decl. ¶ 3.

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL  -Page 5

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

**B. The Amount In Controversy Exceeds $75,000.**

A federal district court has jurisdiction over civil actions when there is diversity among the parties and the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Courts look to a plaintiff's complaint to determine the amount in controversy, provided the complaint is made in good faith. The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, Plaintiff alleges "financial harm and significant emotional distress . . . [and] Adjustment Disorder and Anxiety." Hendershott Decl. Ex. A, Complaint ¶ 1. She seeks "lost wages and benefits," "emotional distress, humiliation, and damage to reputation," "other compensatory damages," "punitive damages, if permitted by law," "litigation costs," "pre- and post-judgment interest as allowed by law," and "any such other and further relief." Hendershott Decl. Ex. A, Complaint § Prayer for Relief. Although Defendant denies the validity, merit, and factual basis of Plaintiff's claims and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations place the amount in controversy above the jurisdictional threshold of $75,000, exclusive of interest and costs. Specifically, Plaintiff seeks economic damages in the form "lost wages and benefits." Hendershott Decl. Ex. A, Complaint ¶ 1. Based on Plaintiff's payroll records, she was a full-time employee and received approximately $19.50 per hour at the time of her separation from employment. Hendershott Decl. ¶ 11, Ex. H. If Plaintiff worked full-time for a year at her rate of pay her annual income would total $40,560 per year. If Plaintiff were to recover an award of back pay and/or front pay from the date of her alleged separation

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL -Page 6

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

(July 20, 2023, Complaint ¶ 4), she would recover at least $75,000, before interest, as Plaintiff remains unemployment. *See* Hendershott Decl. ¶ 10, Ex. G ("Plaintiff has not applied for any employment positions. . ..."). This does not include "litigation cost," "interest," or non-economic damages sought by Plaintiff. Hendershott Decl. Ex. A, Complaint § Prayer for Relief. Such an allegation is accepted as the amount-in-controversy unless it can be said to a legal certainty that less than $75,000 is in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288-89 (1938).

## V.    NOTICE OF REMOVAL.

In accordance with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Clark County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached as **Exhibit A**.

## VI.    CONCLUSION.

Based on the foregoing, this action is properly removable under 28 U.S.C. § 1441(a) and § 1332(a) on the ground that this Court has original jurisdiction over this case under 28 U.S.C. § 1332 (diversity jurisdiction).  Diversity jurisdiction exists here because Defendant is a citizen of a state different than Plaintiff. This Notice of Removal is being filed within 30 days after the basis for removal was first ascertained and is therefore timely under 28 U.S.C. § 1446(b)(3). In filing this Notice of Removal, Defendants do not waive any defects in service of process, venue, or personal jurisdiction, nor any objections, exceptions, or defenses to the Complaint.

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL  -Page 7

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

DATED this 6th day of January 2026.

FISHER & PHILLIPS LLP

By *s/Kylene Slocum*
Kylene Slocum, WSBA #58600

By *s/Greg Hendershott*
Greg Hendershott, WSBA #27838

1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Telephone:  (206) 682-2308
Facsimile: (206) 682-7908
Email: ghendershott@fisherphillips.com
Email: kslocum@fisherphillips.com
*Attorneys for Defendant Norco Inc.*

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL  -Page 8

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908

**CERTIFICATE OF SERVICE**

I hereby certify that I served the Defendant's Notice of Removal to the following via the below method:

Tina M. Easa                          ECF
705 Blaine Ct. , Apt. 1502            Email
Schaumurg, IL 60173

*Plaintiff*

DATED this 7th day of January 2026, at Seattle, Washington.

Tammy Weisser, Legal Secretary

FP 60966061.2

DEFENDANT'S NOTICE OF
REMOVAL  -Page 9

FISHER & PHILLIPS LLP
1700 SEVENTH AVENUE, SUITE 2200
SEATTLE, WA 98101-4416
Phone: (206) 682-2308 Fax: (206) 682-7908